IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                       Plaintiff,

         v.

BENJAMIN J. BIESE,

                       Defendant.

ORDER

02-cr-100-bbc
13-cv-64-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Benjamin Biese has filed a motion for post conviction relief under 28 U.S.C. § 2255 and a motion for appointment of counsel. He asserts that he was denied the effective assistance of counsel. Unfortunately for defendant, he has filed his motion too late.

      Section 2255 has a one-year period of limitations that begins running from the latest of (1) the date on which the defendant's conviction becomes final; (2) the date on which any impediment to the filing of the motion has been removed, provided that the impediment was an illegal one created by government action and one that actually prevented the defendant from filing his motion; (3) the date on which the right asserted was recognized initially by the Supreme Court, provided that the right was both newly recognized by the Court and made retroactively applicable to cases on collateral review; or (4) the date on which the defendant could have discovered the facts supporting his claims through the exercise of due diligence. § 2255

1

Defendant was sentenced on September 23, 2003. He appealed his sentence to the court of appeals. The appeal was dismissed on March 15, 2004. Under § 2255, defendant had one year from the date on which "the judgment of conviction [became] final" in which to bring a post conviction motion. The conviction would have become final 90 days after March 14, 2004, or June 12, 2004. Clay v. United States, 537 U.S. 529-30 (2003) (one-year statute of limitations does not begin to run until 90 days after time for filing petition for writ of certiorari has expired, even if defendant does not file such petition). Therefore, defendant had until June 12, 2005, in which to file a § 2255 motion unless he fits within one of the special circumstances in which the time for filing is extended.

Defendant's allegations suggest that he is trying to come within the fourth exception. He alleges that he has newly-discovered evidence known to him only since sentencing that would support his claim that his counsel coerced him into entering a plea of guilty. He does not explain what this evidence is, exactly when he learned of it, what efforts he made to learn of it earlier and how it would support his motion for post conviction relief. These allegations are too skimpy and underdeveloped to allow defendant to go forward on his motion. However, I will give him until February 15, 2013, to file a supplement to his motion explaining exactly what evidence he has and how he obtained it. (If his evidence consists only of statements by other persons that are not sworn under oath they will not help defendant make his case.) He must also explain what he has done to obtain this information before 2012.

ORDER

IT IS ORDERED that an order on defendant Benjamin Biese's motion for post conviction relief under 28 U.S.C. § 2255 is STAYED temporarily. Defendant may have until February 15, 2013, in which to supplement his motion to show that he can make a substantial showing of the denial of a constitutional right.

Entered this 28th day of January, 2013.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge