IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                          ORDER

            Plaintiff,

                                   02-cr-100-bbc
                                   13-cv-64-bbc

    v.

BENJAMIN J. BIESE,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Benjamin J. Biese was convicted and sentenced in 2003 of causing a threatening communication to be delivered by the United States Postal Service, in violation of 18 U.S.C. § 876.  He filed an untimely appeal, which was dismissed in March 2004, when he did not pay the filing fee.  In July 2004 he filed a motion for post conviction relief under 28 U.S.C. § 2255, but dismissed the motion after the court asked him to provide specific details to support his claims and advised him of the unlikelihood that any change in his sentence would result in his being transferred from state custody to a federal prison.

      On January 25, 2013, defendant filed a new motion for post conviction relief under § 2255, saying that he had been deprived of the effective assistance of counsel when he was prosecuted for the threat charge.  I advised defendant that his motion was untimely unless he could show that it came within an exception to the one-year statute of limitations set out in § 2255, such as the exception applying to newly discovered facts.  Under this exception,

a defendant must file his § 2255 motion within one year from "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." § 2255(f)(4). I gave defendant an opportunity to make this showing. Order, dkt. #3 (13-cv-64-bbc). He responded on February 11, 2013 with a proposed amendment to his motion, dkt. #4; a supplement, dkt. #5; and his own affidavit. Dkt. #6.

The supplement seems to be defendant's attempt to show that his post conviction motion is timely under the newly discovered evidence exception. He says that he has affidavits from the following persons: (1) investigator Jeff Janda; (2) Melissa Norton, a former paralegal with the office of defendant's counsel; (3) Jamal Anderson; (4) his mother, Carolyn Muir; and (5) inmate Harold Fields. He also lists as evidence a mental health report prepared by Terry Kupers, M.D., and a second one prepared by Dr. Louis Fulton. He did not provide the affidavits to the court, saying that it is not the usual procedure to do so but that he is prepared to provide them upon demand.

Without the actual affidavits, it is not possible to assess their significance. According to defendant's summary of them, most concern his counsel's alleged efforts to coerce defendant into pleading guilty. Even if I assume that counsel did coerce him and that the affidavits would show that this coercion occurred, defendant has failed to show that he could not have obtained the evidence until 2012. In his supplement, he gives the date on which he obtained each affidavits and, at least with some of them, he gives a reason why he did not obtain it sooner, but he does not say what he was doing to try to obtain the information before then. For example, he says that a lawyer obtained a sworn affidavit from Janda on

November 21, 2012 and that his own efforts to locate Janda were unsuccessful. He does not say when he began his search for Janda or when he first became aware that Janda had information that might be helpful.

Defendant says he has a sworn affidavit from Jamal Anderson, together with a Dane County Human Services Report written by Anderson, in which Anderson says that he allowed defendant to make a call using a county-owned cellphone in the conference room at the Dane County jail and that Anderson overheard defendant's counsel calling him a "fucking idiot" and telling him that if he didn't enter a plea, "I'll let them hang you." Dkt. #5 at 3. Defendant does not explain why he could not have written Anderson to obtain the information earlier than July 2012, which is when he says he acquired the Dane County report "via release of information to Dane County." Id. at 4. His reason for not obtaining an affidavit from his mother until October 2012 is that he and his mother were not on speaking terms during the four or five years before then. Id. at 5.

Before I can determine whether defendant can take advantage of the exception to the one-year statute of limitations in § 2255(f)(4), he will have to submit the affidavits he has described. It is not clear from that description whether the affidavits contain anything other than hearsay. In addition, defendant will have to submit considerably more information about the steps he took from the time of his sentencing in 2003 until 2012 to obtain the information he now thinks entitles him to a reversal of his conviction. Defendant may have one more opportunity to show why he should be allowed to pursue a motion for post conviction relief.

ORDER

IT IS ORDERED that defendant Benjamin J. Biese may have until March 4, 2013 to (1) submit any affidavits he has that would support his motion for post conviction relief and (2) explain in detail the steps he took to obtain the affidavits and other information he says he has. If he does not respond to this order, I will assume he lacks the necessary evidence to show that his § 2255 motion is timely and it will be dismissed.

Entered this 14th day of February, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge